## ZIMBALIST v. ANDERSON, Collector of Internal Revenue.

District Court, S. D. New York.    January 3, 1928.

Internal revenue ⚖=9(27)—Royalty from phonograph records sold in, but made before, 1917, held properly included in 1917 excess profits tax; "from property arising merely from its ownership;" "business" (Comp. St. § 6336⅜j).

Where plaintiff, a singer, in 1915 made contract for 10-year period to make master phonograph records for a royalty ·on records sold, royalty received during 1917 from records made before 1917 was not income "from property arising from its ownership," within meaning of Treasury Department regulations, but from her "business," which was the performance of her contract, and was properly included in excess profits tax for 1917, when sales were completed, under Act Oct. 3, 1917, § 209 (Comp. St. § 6336⅜j).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Business.]

At Law.    Action by Alma Gluck Zimbalist against Charles W. Anderson, individually and as Collector of Internal Revenue, to recover $6,792, part of excess profits tax paid for 1917, in which jury trial was waived by stipulation in writing. Judgment for defendant.

Mark Eisner, of New York City (Ferdinand Tannenbaum, of New York City, of counsel), for plaintiff.

Charles H. Tuttle, U. S. Atty., and Samuel C. Coleman, Asst. U. S. Atty., both of New York City, for defendant.

COLEMAN, District Judge.    This is an action to recover $6,792, paid by plaintiff as part of her excess profits tax for the year 1917. She was a professional singer, and her income was in part derived from the sale of phonograph records of her voice. The sole question now presented is as to what sales should be included in the excess profits tax for that year.

In 1915 she made a contract with the Victor Talking Machine Company for a period of 10 years, in which she agreed to make at least 50 master records, from which the company would make duplicates for sale. The contract provided that the company would pay her 10 per cent. of the retail price of each duplicate sold, and would account to her periodically. In the year 1917 she received this royalty from a large number of duplicate records sold during that year, some of which were made from master records which she had perfected before the beginning of 1917. She admits that her royalties received in 1917 from the master records made during that year are subject to the excess profits tax, and the only question presented is whether the royalties from records made previously are also taxable.

The statute which imposed the tax applicable to this plaintiff was section 209 of the Act of October 3, 1917 (Comp. St. § 6336⅜j), and reads in part as follows: "That in the case of a trade or business having no invested capital * * * there shall be levied, assessed, collected and paid, * * * a tax equivalent to eight per centum of the net income or such trade or business. * * * "

The regulations of the Treasury Department provided: "In the case of an individual the terms 'trade, business, and trade or business' comprehend all his activities for gain, profit or livelihood entered into with sufficient frequency or occupying such portion of his time or attention as to constitute a vocation, including occupations and professions. * * * In the following cases the gain or income is not subject to excess profits tax: * * * (b) The income from property arising merely from its ownership including interests, rent and similar income from investments, except in those cases in which the management of such investments really constitutes a trade or business."

Plaintiff contends that her royalties from duplicate records sold in 1917, where the master records had been made before the beginning of that year, were income from property and not income from a trade or business which she carried on during the year

1917, even though she admits that the royalties from the master records made during that year were taxable as income from her trade or business for that year. Her theory is that the statute made taxable only the income *earned* and received during the year 1917, and that the royalties received in 1917 from master records previously made had been completely *earned* by her before the beginning of the year and therefore constituted income from property rights which she held against the Victor Talking Machine Company.

In the first place, neither the statute nor the regulations expressly provides that the income must have been *earned* during 1917. There is nothing in the words of either to indicate that in this respect the excess profits tax was different from the income tax. The plaintiff was reporting on a cash receipt basis, and the royalties actually received, whenever they were earned, would have been included in her income tax. She urges, however, that the purpose and reason underlying the excess profits tax should limit it to income earned during that year, even though express provision is not made for it. There is a good deal of force in this argument, but I do not think it necessary to consider it in detail, because, even though it be correct, I think it is inapplicable here. During the year 1917 she in part earned the royalties on the master records which she had made before that year.

The contract between plaintiff and the Victor Talking Machine Company contemplated, not merely the making of 50 master records and the sale of duplicates, but also the building up of a good will around plaintiff's name. This required, not only extensive advertising, but the continuing production of new records by her. She was prohibited from singing for any other phonograph concern, and was under the obligation to continue making new records for this company to supply the demand created by its advertising campaign. The more she increased in popular favor, the larger would be the demand, not only for her new records, but also for her old ones. Every item of publicity about her would have some bearing upon the amount of sales of all her records, old as well as new.

It must be borne in mind that the income in dispute in this case is assumed to have been from sales actually made in the year 1917, though from master records previously perfected. It is possible that some of it was from sales made before January 1, 1917, but paid to plaintiff by the company

after that date. The record does not disclose the specific facts in regard to this, and both sides agree that it is immaterial. This income was not fixed and determined solely by what she had accomplished in preceding years and by the economic conditions then prevailing. Her activities in 1917 and her performance of her contract during that year had a direct bearing on the amount of her royalties from the records previously made, and the economic conditions of that year, and not of previous years, was a factor. So that the reason underlying the excess profits tax applies with equal force to the royalties from both old and new records.

The income in question was not "from property arising merely from its ownership," but from her "business," which was the performance of the 10-year contract. She continued in that business all during 1917, and, though this income was partially earned before then, it was not completely earned until the sales were made. It was therefore properly included in the excess profits tax for that year.